## SCHAAF et v STATE ex WAID

Ohio Appeals, 5th Dist, Morrow Co

Nos 265 & 267. Decided Dec 18, 1931

W. N. Wickham, Delaware, Benjamin Olds, Mt. Gilead, for plaintiff in error.

Gilbert Bettman, A. G., Columbus, for defendant in error.

LEMERT, J.

We have carefully examined the whole of the record and the testimony in the instant case and we do not find that the instructions given were prejudicially erroneous or that such instructions mislead the jury in properly arriving at the verdict in the case.

Counsel for plaintiffs in error complain of the admission of Exhibit "C", offered during the trial of the case by counsel for defendant in error. Exhibit "C" was a document of the Probate Court of Morrow County that had been filed in that Court as the inventory and appraisement of the estate of one Ora Counterman, deceased.

This exhibit when offered was objected to and the objection overruled and the document was admitted in evidence.

The offering of this Exhibit we believe was prejudicial to the rights of plaintiffs in error and no doubt had a tendency at least to prejudice the minds of the jury upon the value of the land.

The main and only issue in this case submitted in the Court below, the same being an appropriation case, was to determine the value of the property actually taken and the damages, if any, to the residue.

**121 Oh St 264.**
wherein the court held:

"The only issue to be tried is the value of the property."

By the value of the property is meant when the Court speaks of the market value of the property taken and damages to the residue. These two elements make the compensation to which the property owners are entitled.

Now, the manner of determining that issue is so well established that we deem it unnecessary to cite any authorities in support of such claim.

The value of the property in damages is proven by testimony of competent witnesses who may be called to testify on that subject.

In the trial of the case below, plaintiffs in error called some ten or twelve witnesses, some of the best citizens of Morrow County, and after they had qualified as judges of land values, they were asked questions to show the value of the land and damages to the residue by asking for the value both before and after the appropriation. This being the proper manner or way of proving such damages, then to permit the defendants below to call a witness to testify as to the appraisal made by appraisers of real estate to be sold at judicial sale three years before. the time of inquiry, we believe is error.

This error in admissions of evidence, we find occurred in both causes No. 265 and No. 267.

In cause No. 265, on the claimed error on behalf of the plaintiffs in error, wherein the court below held that the price paid by plaintiffs in error, we find through an examination of the record on page, 28, when plaintiff in error, Wesley Schaaf, was called as a witness, he was asked the following:

Q. Have you. got your deed with you for that farm?

A. We have.

Thereupon, the attorney for the State said:

"We will stipulate as to the title of the property."

Counsel for the land owners said:

"We will not stipulate and we will offer the deed".

Q. I hand you defendants Exhibit "1", I will ask you to state to the jury if that is the deed you and your sister received for the farm?

A. Yes, sir, it is.

Counsel for the land owners then offered the deed in evidence to show the amount of land the title.

This deed was offered for no other purpose than that expressed by counsel at the time it was offered.

We note from the record that Wesley Schaaf did not testify on the subject of the value of the land or damages to the residue, nor was he cross examined by counsel for the State on that subject.

From the oral argument of this case and from the admissions made by counsel for defendants, both in oral argument and brief, it being admitted that in the argument of the case to the jury, that counsel for defendant in error commented upon and argued the price named in the deed that was offered in evidence as above set forth.

Said deed was offered for a specific purpose and for counsel for defendant in error to argue the price named in that deed, which was made several years before the trial of this case and to claim that said price named in such deed was proper evidence to be considered by the jury as evidence as to the value of the property, we believe was error.

Counsel for defendant in error claimed that when the property owners offered the deed, they had a right to call the attention of the jury to it for the purpose of determining values.

Had Wesley Schaaf testified as to the value of the land or as to his damages, and had he been cross examined upon the same, then a different question might arise.

In 8 **C.C. N.S. 297**, in the case of **Railway Company vs Gorsuch**, it was held:

"The price paid does not fix the value."

nor does the value fourteen months prior to the time at which the value is now to be determined, even when fixed, determine the present value, but both have a bearing on the present value and are admissible in evidence as tending to show the present value. But, the question in this case was asked on cross-examination and might well have been admitted as testing the witness.

In the instant case before the Probate Court the sale of the land was nearly three years before the time of the trial. The deed is dated September 1st, 1927, and for that reason it was entirely incompetent to claim the price at which the farm sold in 1927 by

judicial sale, by claiming in evidence something in a deed that was not offered for that purpose, we believe was taking unfair advantage of the property owners and that the same was prejudicial error.

Finding no other error in the record, we find and hold that error has intervened in both of these cases and it therefore follows that the finding and judgment of the Court below, the same is hereby reversed in both cases and said cases are remanded to the Probate Court for further proceedings according to law.

SHERICK, PJ, MONTGOMERY, J, concur.